IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| LEONA FELDT, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  12-1064-MLB |
| | ) | |
| KAN-DU CONSTRUCTION CORP., et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant Heritage Homes' motion to dismiss. (Doc. 14). The motion has been fully briefed and is ripe for decision. (Docs. 15, 24, 26).

In a motion to dismiss, the court must accept as true well pleaded factual allegations, but also consider whether "they plausibly give rise to an entitlement to relief." Ashcroft v. Iqubal, 129 S. Ct. 1937, 1949-50, 173 L. Ed.2d 868 (2009). It is not the court's role to weigh potential evidence that the parties might present at trial, but rather to determine whether plaintiff's complaint states a legally sufficient claim upon which the court can grant relief. Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). "The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

Heritage Homes submitted a copy of the contract between plaintiff and defendant Kan-Du as an exhibit to the motion to dismiss. Even though the contract was not attached to the complaint, the court may consider the contract because it was referenced in the complaint. See GFF Corp. v. Associated Wholesale Grocers, 130 F.3d 1381, 1384–85 (10th Cir. 1997). However, plaintiff submitted additional facts, not included in the complaint, in her response, i.e. statements allegedly made by a representative of defendant. In addition, plaintiff attached two exhibits to her response. Fed. R. Civ. P. 12(d) provides: "If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Therefore, the court has one of two choices. The court can convert the motion to dismiss into a motion for summary judgment, or the court can address the merits of Heritage Homes' Rule 12(b)(6) motion, considering only the contract attached to Heritage Homes' motion and the complaint, which will result in the court granting the motion. If the court converts the motion into one for summary judgment, the court must notify the parties to allow a reasonable time to present material. Fed. R. Civ. P. 12(d). Since plaintiff submitted matters outside of the pleading and not referenced in the complaint to the court for consideration, the court converts the motion to dismiss to a motion for summary judgment. Heritage Homes may file a supplemental brief and any additional exhibits by September 28. Plaintiff may file a supplemental response and any additional

exhibits by October 12.

     IT IS SO ORDERED.

     Dated this __10th__ day of September 2012, at Wichita, Kansas.

                                                    s/ Monti Belot  
                                                    Monti L. Belot  
                                                    UNITED STATES DISTRICT JUDGE