IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
LEONA FELDT,                        )
                                    )
                 Plaintiff,         )    CIVIL ACTION
                                    )
v.                                  )    No.  12-1064-MLB
                                    )
KAN-DU CONSTRUCTION CORP., et al., )
                                    )
                 Defendants.        )
                                    )
```

### MEMORANDUM AND ORDER

This case comes before the court on defendant Heritage Homes' motion for summary judgment. (Doc. 14). The motion has been fully briefed and is ripe for decision. (Docs. 15, 24, 26, 36, 43). Defendant's motion is denied in part and granted in part for the reasons herein.

**I.   Facts and Procedural History**

On or about January 26, 2011, plaintiff Leona Feldt met with defendant Justin Lockhart, a prior employee of Heritage Homes, to discuss the purchase of a modular home. Lockhart informed plaintiff that Heritage Homes would manufacture her home to her specifications and that the home would then be finished on site by defendants Kan-Du Construction and Marty Falconburg. Plaintiff was told that Kan-Du and Falconburg were fully trained and experienced. Plaintiff was also told that Heritage Homes would be assisting in the construction. Plaintiff was issued a line of credit with Heritage Homes in order to complete the purchase.

On that same date, Heritage Homes entered into a distribution agreement with Kan-Du. The agreement states that Kan-Du is an

independent contractor and agrees to purchase modular housing products from Heritage Homes.

On February 18, 2011, plaintiff and Falconburg executed a purchase agreement.[1] Lockhart drafted the agreement and included all of the details for the home. The agreement stated that plaintiff was purchasing a modular home from Kan-Du, which was an authorized Heritage Homes Builder. The agreement further stated that Heritage Homes issued a warranty which defined the obligations of Heritage Homes.[2] After the execution of the purchase agreement, plaintiff signed an authorization to build agreement. The authorization agreement acknowledged that plaintiff had received the plans for her home and that her home would not "be scheduled for production until this authorization to build has been approved." (Doc. 36, exh. D). The agreement also stated that plaintiff understood "that by signing the 'authorization to build' form we hereby authorize our Builder/Distributor Kandu Construction and Heritage Homes of Nebraska, Inc. to begin ordering material and making commitments for construction." Id. The agreement further noted that plaintiff was purchasing the home from Kan-du, which was not an agent of Heritage Homes. The agreement required plaintiff to make full payment for the home within five days of its completion at the Heritage Homes factory in Nebraska. Plaintiff and Falconburg signed the agreement.

---

[1] Plaintiff alleges that the parties entered into a contract on May 3. The purchase agreement is dated February 18 and the authorization to build is dated May 3.

[2] The parties have not submitted the warranty identified in the purchase agreement.

The authorization to build agreement also referenced the sales order for the home which set forth the customer as Leona Feldt and the dealer as Kan-du. It specified all of the design features for the home and indicated that the setting and finish would be completed by the dealer, Kan-du. The order was signed by Falconburg and stated that Heritage Homes would manufacture the home and provide delivery for the total price indicated.

Falconburg believed that he was to prepare the foundation and assist in setting the home. Lockhart told Falconburg that Heritage Homes would provide its own crews to finish the setting because Falconburg was not experienced in modular home construction. After completing the foundation, Falconburg called Heritage Homes and was informed Lockhart was no longer employed by the company. Falconburg incurred unanticipated expenses in setting and finishing the home. Falconburg wrote plaintiff a letter in November 2011 informing her that Heritage Homes knew of his inexperience and that it had told him that it would assist him in its completion. Falconburg informed plaintiff of all of his additional expenses and expected reimbursement from plaintiff or Heritage Homes.

At some point, Falconburg abandoned the house and plaintiff incurred more than $40,000 in costs in the completion. Moreover, plaintiff's expert has opined that Falconburg was negligent in his duties and caused the home to suffer serious damage. The cost to repair the damages to the home exceed $130,000. (Doc. 43, exh. 1).

On February 27, 2012, plaintiff filed a complaint against Kan-Du, Heritage Homes and Falconburg, alleging claims of breach of contract, fraud, negligence and, Kansas Consumer Protection Act

-3-

violations. On May 15, Heritage Homes moved to dismiss the complaint. After reviewing the submissions, the court determined that the motion must be converted to one for summary judgment. (Doc. 34). The parties supplemented their briefs and submitted additional exhibits. (Docs. 36, 43). On November 1, plaintiff filed a motion to amend her complaint. Plaintiff's motion was granted and plaintiff filed an amended complaint which provided additional allegations and added defendant Lockhart. (Doc. 46).

**II.   Summary Judgment Standards**

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here. Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists so that a rational trier of fact could resolve the issue either way and an issue is "material" if under the substantive law it is essential to the proper disposition of the claim. Adamson v. Multi Community Diversified Svcs., Inc., 514 F.3d 1136, 1145 (10th Cir. 2008). When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If so, the court cannot grant summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**III. Analysis**

    **A. Breach of Contract**

Heritage Homes moves for summary judgment on plaintiff's breach of contract claim on the basis that Heritage Homes did not enter into a written contract with plaintiff. Plaintiff does not dispute that no written contract was entered into; instead, she responds that evidence of an oral agreement is admissible. Presumably, plaintiff is contending that the oral representations allegedly made by Lockhart somehow bind Heritage Homes, hereby cementing a contractual relationship.

A modular or mobile home is considered a good and the UCC is therefore applicable. Linscott v. Smith, 3 Kan. App.2d 1, 3, 587 P.2d 1271, 1273 (1978); In re Robson, No. 03-42560, 2005 WL 6168476 (D. Kan. Bkrtcy. Sept. 22, 2005). Contracts for the sale of goods over $500 generally must be in writing and signed by the party against whom enforcement is sought. Wachter Mgmt. Co. v. Dexter & Chaney, Inc., 144 P.3d 747, 751 (Kan. 2006); K.S.A. 84-2-201.

However, there is an exception to this rule. K.S.A. 84-2-201(3)(c) provides that a contract that does not satisfy the written requirements is enforceable when the goods have been received and payment has been made. See also School-Link Tech., Inc. v. Applied Resources, Inc., 471 F. Supp.2d 1101, 1112-13 (D. Kan. 2007). The goods, i.e. the modular home, have been received. Plaintiff avers that she paid Heritage Homes and has the cancelled checks. The checks, if they exist, are not attached to plaintiff's affidavit.

At this juncture, Heritage Homes' motion for summary judgment on the breach of contract claim is denied, without prejudice. See

-5-

Conclusion, infra.

### B. Fraud and/or Negligent Misrepresentation

Heritage Homes moves for summary judgment on the basis that the fraud claims were not plead with particularity and the negligence claims allege representations which were based on future events.

To state a claim for fraud, a plaintiff must plead the following five essential elements: "(1) an untrue statement of fact, (2) known to be untrue by the party making it, (3) made with the intent to deceive or recklessly made with disregard for the truth, where (4) another party justifiably relies on the statement, and (5) acts to his or her injury and damage." Indy Lube Inv., L.L.C. v. Wal-Mart Stores, Inc., 199 F. Supp.2d 1114, 1119 (D. Kan. 2002). The elements of negligent misrepresentation are similar to those of a claim for fraud, except it does not require proof that a defendant knew the statement was untrue or was reckless as to whether the statement was true or false. Id. at 1122. Instead, a plaintiff must prove that a defendant failed to exercise reasonable care to obtain or communicate true information. Id.

In its motion, Heritage Homes asserts that plaintiff has failed to meet the heightened pleading requirement by failing to demonstrate how each defendant participated in the fraud and who made the statements. After the submission of all briefing in this case, the magistrate judge allowed plaintiff to file an amended complaint, evidently without objection. A review of the amended complaint shows that plaintiff has cured the deficiencies noted by Heritage Homes. Notably, plaintiff has identified each individual who made the supposed statements and the content of those statements. Plaintiff

-6-

has alleged that Lockhart, Heritage Homes' employee, made representations concerning the quality and experience of Kan-du which were allegedly known by Lockhart at the time the statements were made. Plaintiff further alleges that Lockhart informed plaintiff that he would be present and assist in training Kan-Du so that plaintiff's home would be well built. Plaintiff alleges that Lockhart made these allegations without any intent to perform the acts and with the intention that plaintiff would rely on the statements and complete the purchase of the home. Because it did not object, Heritage Homes apparently concedes that these allegations are sufficient to state a claim for fraudulent misrepresentation. Heritage Homes' motion for summary judgment on plaintiff's claim of fraudulent misrepresentation is denied, without prejudice.

Heritage Homes further contends that plaintiff's claim for negligent misrepresentation cannot survive summary judgment because it is based on future events. A negligent misrepresentation claim can only be based on a pre-existing or present fact. Indy Lube, 199 F. Supp.2d at 1123. As to plaintiff's claim regarding Lockhart's supposed statement that he would assist in the final setting of the home and training Kan-Du, Heritage Homes is correct. This claim is based on a future event and cannot be the basis for a negligent misrepresentation claim. Id. However, plaintiff's claim of negligent misrepresentation on the basis of Lockhart's statement concerning the experience and ability of Kan-Du was based on a present fact. Therefore, this claim may proceed.

Heritage Homes' motion for summary judgment on plaintiff's claim for negligent misrepresentation is therefore denied in part and

granted in part.

### C. Kansas Consumer Protection Act Violations

Heritage Homes has moved for summary judgment on plaintiff's KCPA claim on the basis that plaintiff failed to plead the claim with particularity. Heritage Homes apparently now believes the amended complaint cures the deficiencies that were in her earlier complaint because it has not objected to its filing. Heritage Homes' motion for summary judgment on the KCPA claim is denied, without prejudice.

### D. Negligence

Heritage Homes moves for summary judgment on the basis that there was no agreement on which to create a duty to plaintiff and, alternatively, plaintiff has failed to establish that Heritage Homes breached that duty. Plaintiff alleges in the amended complaint that Heritage Homes was negligent for selecting an inexperienced construction company to complete the home, failing to complete construction and failing to competently complete the construction.

In Kansas, a plaintiff must prove the following four elements to sustain a negligence cause of action: (1) plaintiff is owed a duty by defendant; (2) defendant breached the duty; (3) plaintiff sustained damages; (4) damages were proximately caused by the breach. P.W. v. Kansas Dept. of Soc. & Rehab. Serv., 255 Kan. 827, 831, 877 P.2d 430 (1994). Under Kansas law, there is implied in every contract for work or services a duty to perform it skillfully, carefully, diligently, and in a workmanlike manner. Zenda Grain & Supply Co. v. Farmland Industries, Inc., 20 Kan. App.2d 728, 738–39, 894 P.2d 881 (1995).

The court has determined, supra, that plaintiff's claim of an oral contract may be sufficient under Kansas law. Plaintiff has

alleged that she entered into a contract with Heritage Homes to provide a home to her specifications and completed on her home site by a qualified contractor with assistance from Heritage Homes and paid Heritage Homes in full. (Doc. 46 at 3-4). Pursuant to this contract, Heritage Homes would owe plaintiff a duty to perform the work skillfully. Based on the evidence submitted by plaintiff's expert, the home was not completed by a skillful contractor. And, in fact, the home has major issues due to the inadequate construction.

At this time, the court finds that plaintiff has successfully stated a negligence claim against Heritage Homes. Heritage Homes' motion for summary judgment on plaintiff's negligence claim is therefore denied, without prejudice.

## IV. Conclusion

Heritage Homes' motion for summary judgment on plaintiff's claims of breach of contract, fraudulent misrepresentation, KCPA violations and negligence is denied, without prejudice. Heritage Homes' motion for summary judgment on plaintiff's claim of negligent misrepresentation is granted in part and denied in part, without prejudice.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

This case is returned to the magistrate judge for management of

discovery. Because additional dispositive motions may be appropriate, this court respectfully suggests that the magistrate judge carefully tailor and restrict discovery to issues relating to liability, if any, of Heritage Homes on plaintiff's claims, as well as her claims against the other defendants. The court is very familiar with plaintiff's counsel and his practice of letting the defendants point out the deficiencies of his client's case and then seeking a series of amendments in an effort to cure the deficiencies. The magistrate judge will be in a position to utilize Fed. R. Civ. P. 1 to ensure that discovery will be focused on only relevant and material issues and to carefully scrutinize any future requests to amend.

    IT IS SO ORDERED.

    Dated this __2nd__ day of January 2013, at Wichita, Kansas.

                                              s/ Monti Belot
                                              Monti L. Belot
                                              UNITED STATES DISTRICT JUDGE