**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LEONA FELDT, | ) |
| | ) |
| Plaintiff, | )   **CIVIL ACTION** |
| | ) |
| v. | )   No.  12-1064-MLB |
| | ) |
| KAN-DU CONSTRUCTION CORP., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant Heritage Homes' and defendant Kan-Du Construction's motions to exclude the testimony of plaintiff's expert witness, Frank Comer. (Docs. 133, 136). The motions have been fully briefed. (Docs. 134, 154, 155). The court held a Daubert hearing on January 20, 2014.

**Analysis**

"Rule 702 sets forth the standard for admission of expert testimony," U.S. v. Fredette, 315 F.3d 1235, 1239 (10th Cir. 2003), and assigns "to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharm., 509 U.S. 579, 597, 113 S. Ct. 2786, 2799, 125 L. Ed. 2d 469 (1993). Rule 702 provides that

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Frank Comer is Licenced Professional Engineer and issued a letter report concerning the cost to repair damages on plaintiff's home. In addition to the cost of repairs, Comer opined that Heritage Homes was negligent in selecting Kan-Du as the contractor to complete the site work on plaintiff's modular home built by Heritage Homes. Heritage Homes objects to this opinion on the basis that Comer is not qualified to give his opinion and, in addition, that Comer's opinion is not based on sufficient facts.

At the hearing, Comer testified that the only information he had concerning Kan-Du and Marty Falconburg's experience was that Falconburg had never built a home from start to finish. Comer had no knowledge of Falconburg's experience in the construction industry. Therefore, the court finds that Comer's opinion that Heritage was negligent in selecting Kan-Du as the contractor to complete plaintiff's home is not based on sufficient facts.[1] Heritage's motion to exclude is granted. (Doc. 133).

Kan-Du and Falconburg move to exclude Comer's opinions concerning the cost to repair plaintiff's home on the basis that his opinions are not reliable because they are based on estimates provided by third-party contractors who have not been identified. (Doc. 136). In assessing reliability under Daubert, the purpose of the inquiry is always the same: "[t]o make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that

---

[1] Additionally, based on the testimony at the hearing, the court finds that Comer is not qualified to opine on the standard of care concerning the selection of contractors to complete modular homes.

-2-

characterizes the practice of an expert in the relevant field." <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 152, 119 S. Ct. 1167 (1999).

Comer testified that he inspected the damage to plaintiff's home, quantified the damage in product units and then contacted various contractors to get estimates for the repairs. Comer utilizes this same process each time he evaluates damage to a home. Comer testified that his practice of contacting contractors for estimates is a well accepted practice in his industry. Therefore, the court finds that Comer's opinions are based on reliable principles and methods.

Finally, defendants contend that Comer should not be allowed to opine as to the amount of damages because he cannot recall exactly who he called for estimates. Defendants' argument goes to the weight of the evidence and not its admissibility.

Therefore, Kan-Du and Falconburg's motion to exclude is denied. (Doc. 136).

## **Conclusion**

Heritage's motion to exclude is granted. (Doc. 133). Kan-Du and Falconburg's motion to exclude is denied. (Doc. 136).

IT IS SO ORDERED.

Dated this  28th    day of January 2015, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE