### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LEONA FELDT, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 12-1064-MLB |
| | ) | |
| KAN-DU CONSTRUCTION CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This case comes before the court on the following motions:

1) Defendant Heritage Homes' motion to vacate the judgment or, in the alternative, for a new trial (Doc. 191), plaintiff's response (Doc. 201) and Heritage Homes' reply (Doc. 204);

2) Defendants Kan-Du Construction and Marty Falconburg's motion for remittitur (Doc. 197), plaintiff's response (Doc. 203) and defendants' reply (Doc. 205);

3) Plaintiff's motion for attorney's fees (Doc. 195), defendants' responses (Docs. 198, 200); and

4) Plaintiff's motion for a new trial (Doc. 202), defendants' responses (Docs. 206, 207) and plaintiff's reply (Doc. 213).

**I.   Facts and Procedural History**

Defendant Heritage Homes (Heritage) builds modular homes in Nebraska. The homes are then sold to distributors which, in turn, enter into a sales contract with the home buyer. Heritage delivers to the buyer's home site and the distributor completes the home by performing the site work. Site work consists of constructing the foundation, garage and porch, and installing siding.

In November 2010, Justin Lockhart, a sales representative for Heritage, met with defendant Marty Falconburg to discuss the possibility of defendant Kan-Du Construction (Kan-Du), a company owned by Falconburg, entering into a distributor agreement with Heritage. Falconburg had several years of construction experience but had not built a traditional or modular home. On January 26, 2011, Kan-Du entered into a distribution agreement with Heritage. The agreement states that Kan-Du is an independent contractor and that Kan-Du is not Heritage's agent.

Only three months later, on May 3, 2011, plaintiff Leona Feldt executed a purchase agreement with Kan-Du for the purchase of a Heritage modular home. Heritage was not a party to the agreement. The agreement was signed by Feldt and witnessed by Lockhart and Cindy Falconburg, Marty Falconburg's wife and an owner of Kan-Du. Lockhart prepared the agreement, including listing out Kan-Du's site work responsibilities and pricing on the second page of the agreement. Over a period of several months, Feldt paid $317,700 due under the terms of the agreement. Feldt's checks were payable to Kan-Du.

The same day, Kan-Du and Falconburg signed a sales order with Heritage for the construction of Feldt's modular home. Falconburg paid Heritage $183,000 for the modular home. Heritage constructed the modular portion of the home ordered. After the home was completed by Heritage, it was delivered to Feldt's home site in Hoxie, Kansas. Falconburg performed some of the site work listed in the agreement. Heritage Homes did not perform any of the site work. Kan-Du failed to complete the site work for Feldt. Kan-Du also failed to pay various subcontractors that performed site work.

Plaintiff brought claims against Kan-Du and Falconburg for breach of contract, negligent performance and violation of the Kansas Consumer Protection Act (KCPA). Plaintiff brought claims against Heritage for negligent misrepresentation, affirmative fraud, fraud by silence and violation of the KCPA.

The case was tried to a jury in January 2015. At the close of the evidence, the court granted defendants' motions for judgment as a matter of law on plaintiff's claims of violations of the KCPA. The court also granted Heritage's motion for judgment as a matter of law on plaintiff's claim for punitive damages. The court instructed the jury on the remaining claims. The jury returned a verdict in favor of plaintiff on all claims except plaintiff's claim of affirmative fraud against Heritage. The jury awarded plaintiff damages of $109,000 against Kan-Du and Falconburg and damages of $185,000 against Heritage.

Heritage moves to vacate the judgment on the basis that the damages are not supported by the evidence. Kan-Du and Falconburg move for remittitur of the verdict on the basis that the evidence does not support the award of damages on the breach of contract claim. Plaintiff moves for attorney's fees and for a new trial on her claims of punitive damages and violations of the KCPA.

**II.   Standards**

A district court may grant a motion for judgment as a matter of law under Rule 50 if it "finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [prevailing] party on [the] issue." Fed. R. Civ. P. 50(a). That standard is met "only when all the inferences to be drawn from the evidence are so in

favor of the moving party that reasonable persons could not differ in their conclusions." J.I. Case Credit Corp. v. Crites, 851 F.2d 309, 311 (10th Cir. 1988).  In other words, it is "appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position." Elm Ridge Exploration Co. v. Engle, 721 F.3d 1199, 1216 (10th Cir. 2013).

A motion for new trial under Rule 59 is committed to the court's discretion and may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a).  Motions for new trial should be granted with great caution and only "when the court believes the verdict is against the weight of the evidence, prejudicial error has occurred, or substantial justice has not been done." Wirtz v. Kansas Farm Bureau Svcs., Inc., 311 F.Supp.2d 1997, 1226 (D. Kan. 2004).  When the motion claims the verdict was against the weight of the evidence, the movant bears the "burden of demonstrating that the verdict was clearly, decidedly, or overwhelmingly against the weight of the evidence." Blanke v. Alexander, 152 F.3d 1224, 1236 (10th Cir. 1998); Veile v. Martinson, 258 F.3d 1180, 1188 (10th Cir. 2001).  When the motion seeks a new trial based on alleged errors in the admission or exclusion of evidence, the moving party must demonstrate that a legal error or abuse of discretion occurred and that it affected the substantial rights of the parties.  McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 553 (1984).  The court "must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61.

**III. Analysis**

    **A. Kan-Du and Falconburg's Motion**

Kan-Du and Falconburg move for remittitur of the $31,000 judgment entered against them on plaintiff's claim for breach of contract. (Doc. 197). Kan-Du and Falconburg argue that the evidence at trial did not support the damages and that plaintiff's damages should be reduced to $17,916.13. Plaintiff responds that she introduced evidence of significant damages through her testimony and through the testimony of her expert, Frank Comer.[1]

After a review of the record, the court finds that the jury award is supported by the evidence. In addition to the items listed in plaintiff's exhibit 21A, plaintiff testified about additional expenses she incurred, or received estimates for, to finish her home, i.e. duct work, dirt removal, sump pump installation. (Feldt Testimony at 39, 56, 73). Therefore, Kan-Du and Falconburg have not established that there is no legally sufficient evidentiary basis to support the jury award.

Kan-Du and Falconburg's motion for remittitur is denied. (Doc. 197).

    **B. Heritage's Motion to Vacate the Judgment**

Heritage moves for judgment as a matter of law under Fed. R. Civ. P. 50, or, in the alternative, an order vacating the judgment against Heritage Homes. Heritage argues that the damages awarded by the jury were not supported by the evidence.

---

[1] Kan-Du and Falconburg correctly reply that Comer's testimony pertained to plaintiff's negligence claim. Therefore, the court will not consider Comer's testimony in determining whether the evidence supported the jury verdict.

-5-

Kansas law provides alternative remedies to a plaintiff who has been fraudulently induced to buy and pay for certain property: it may disaffirm the contract and sue for rescission or affirm the contract and sue for damages. Whittenburg v. L.J. Holding Co., 830 F. Supp. 557, 563 (D. Kan. 1993). In this case, plaintiff chose to keep her home and sue for damages. Therefore, plaintiff the measure of damages is the fair and reasonable cost of repairs not to exceed the value of the property before the damages. PIK Civil 4th 171.10; Nolan v. Auto Transporters, 226 Kan. 176, 597 P.2d 614, 621 (1979); K–B Trucking Co. v. Riss Int'l Corp., 763 F.2d 1148, 1159 (10th Cir. 1985).

In this case, the jury was instructed as follows:

> Plaintiff seeks recovery for damages to her house. When damage to real estate is temporary and of such a character that the property can be restored to its original condition, the measure of damages is the reasonable cost of repair necessary to restore it to its original condition, but not to exceed its fair and reasonable market value at the time it was purchased.

(Instr. No. 13). This instruction is in accordance with Kansas law and neither party asserts that the jury instructions were erroneous. See PIK Civil 4th 171.21.

The jury was further instructed that the "Damages, if any, you find in connection with plaintiff's claims against Heritage Homes may not duplicate any damages you may award in connection with plaintiff's claims against Falconburg and Kan-Du." (Instr. No. 15). This instruction was also in accordance with Kansas law as Kansas does not allow joint and several liability.[2] See Wood v. Groh, 269 Kan. 420,

---

[2] There are certain circumstances in which joint and several liability is allowed. See Wood v. Groh, 269 Kan. 420, 428, 7 P.3d 1163 (2000). Those circumstances are not present in this case.

428, 7 P.3d 1163 (2000); Yount v. Deibert, 282 Kan. 619, 633-634, 147 P.3d 1065, 1075-76 (2006). Therefore, the jury verdict against Heritage could not duplicate the damages awarded against Kan-Du and Falconburg.

The jury awarded damages against Kan-Du and Falconburg on both plaintiff's claims for breach of contract and negligence. The jury then awarded damages against Heritage in the amount of $185,000. There is no evidence in this case of damages amounting to $185,000. Plaintiff argues that the amount is reasonable because Comer, her expert, testified that the house would need to be "dug up." (Doc. 201 at 2). Essentially, plaintiff asserts that the evidence at trial established that the house is a total loss. Comer, however, did not testify as such. Comer testified that when he evaluated the damages he considered the amount of work which would be necessary to restore the basement. Comer concluded that the cost would be $39,000. Comer did not conclude that the house would need to be "dug up" nor did he testify that the house was a total loss.[3]

In Kansas, damages which grant a windfall are not allowed. Service Iron Foundry, Inc. v. M.A. Bell Co., 2 Kan. App.2d 662, 588 P.2d 463, 476 (1978). Kansas only allows damages to real estate which would restore the property to its original condition. In this case, the jury awarded those damages against Kan-Du and Falconburg. Plaintiff has failed to identify what additional damages are available against Heritage. Therefore, the court concludes that the award of

---

[3] In light of the fact that plaintiff continues to reside in the home, it would be a quite a stretch to conclude that the house was a total loss.

-7-

damages against Heritage is not supported by the evidence.[4]

Heritage's motion to vacate the judgment is therefore granted.

### C. Plaintiff's Motion for a New Trial

At the close of plaintiff's evidence, the court granted defendants' motions for judgment as a matter of law on plaintiff's Kansas Consumer Protection Act (KCPA) claims and her claim of punitive damages against Heritage. Plaintiff now moves for a new trial on those claims.

#### 1. KCPA

In the pretrial order, plaintiff contends that Heritage Homes willfully misrepresented that it had selected a qualified contractor to build her home in violation of K.S.A. 50-626(b)(2)). (Doc. 129 at 8). At trial, plaintiff testified that Justin Lockhart told plaintiff that Falconburg would be performing the site work. Additionally, plaintiff informed Lockhart that she wanted a turn key job and Lockhart assured her that she would get a turn key job.

In granting judgment as a matter of law, the court held that there was no evidence that Lockhart willingly made a false statement of material fact. (Doc. 212 at 23). In her motion, plaintiff argues that she is entitled to a new trial because Lockhart "created an ambiguity in Leona Feldt's mind and/or he conveyed to her innuendo that Marty was qualified." (Doc. 213 at 1). Plaintiff, however, fails to cite to any evidence in the record. Nevertheless, creating

---

[4] The court speculates that the jury essentially refunded the amount of money plaintiff paid to Heritage for her home. The jury award was $185,000 and Heritage received $183,366 from Kan-Du under the terms of the Purchase Agreement. (Exh. 841). Under Kansas law, plaintiff is not entitled for a refund of the purchase price unless she sought to rescind the contract.

-8-

an ambiguity as to qualifications is not evidence of willingly making a false statement.

Therefore, plaintiff's motion for a new trial on the KCPA claims is denied.[5]

**2. Punitive Damages**

Plaintiff seeks a new trial on her claim for punitive damages against Heritage. The court has decided, <u>supra</u>, that plaintiff failed to establish any actual damages against Heritage. Under Kansas common law, a verdict of actual damages is essential to a recovery of punitive damages. <u>Lindquist v. Ayerst Labs., Inc.</u>, 227 Kan. 308, 316, 607 P.2d 1339, 1347 (1980).

Therefore, plaintiff's motion for a new trial on punitive damages is denied.

**D. Motion for Attorney's Fees and Costs**

Finally, plaintiff moves for an award of attorney's fees and costs. Kansas follows the American rule regarding recovery of attorneys' fees that "in the absence of any contractual or statutory liability therefor, counsel fees and related expenses are not recoverable as an element of damages." <u>Wilshire Oil Co. v. Riffe</u>, 409 F.2d 1277, 1285 (10th Cir. 1969). Thus, attorney fees cannot be awarded unless a statute authorizes the award or an agreement between the parties allows attorney fees. <u>Brennan v. Kunzle</u>, 37 Kan. App .2d 365, 392–93, 154 P.3d 1094, <u>rev. denied</u> 284 Kan. 945 (2007).

Plaintiff asserts that she is entitled to recover attorney's

---

[5] Plaintiff's motion appears to seek a new trial on her KCPA claim against Kan-Du and Falconburg. Plaintiff, however, has wholly failed to argue her position on this claim or to identify any evidence of a false statement made by Falconburg.

-9-

fees because the distributor agreement, entered into by Heritage and Falconburg, provides as follows: "To the extent not prohibited by Nebraska law, the prevailing party shall be entitled to reasonable attorney fees to be imposed upon the losing party." (Exh. 806). Plaintiff is not a party to the distributor agreement. Therefore, she must be an intended beneficiary of the agreement in order to rely upon a provision in the distributor agreement.

> To be a third party beneficiary to a contract, the contract must be made for the third party's benefit as its object, and he must be the party intended to be benefitted in order to be entitled to sue upon it. [Citation omitted.] The third party beneficiary can enforce the contract if he is one who the contracting parties intended should receive a direct benefit from the contract. Contracting parties are presumed to act for themselves and therefore an intent to benefit a third person must be clearly expressed in the contract. [Citation omitted.] It is not necessary, however, that the third party be the exclusive beneficiary of all the promisor's performance. The contract may also benefit the contracting parties as well.

State ex rel. Stovall v. Reliance Ins. Co., 278 Kan. 777, 793–94 (2005).

There is no language in the distributor agreement which would support a finding that plaintiff is a third party beneficiary. Therefore, plaintiff cannot rely on the distributor agreement to recover her attorney's fees in this action.

Plaintiff also seeks reimbursement of her expert fees, depositions, travel expenses and other costs. Rule 54 provides that "costs—other than attorney's fees—should be allowed to the prevailing party." The costs available are listed in 28 U.S.C. § 1920. In order to recover those costs, plaintiff must comply with D. Kan. R. 54.1 which requires plaintiff to file an itemized bill of costs with the

clerk of court. Plaintiff has not done so. Plaintiff merely lists general costs without including an itemized statement.

Plaintiff's motion for attorney's fees and costs is therefore denied. Plaintiff may file her bill of costs with the clerk's office in accordance with this court's rules.

**III.   Conclusion**

Heritage's motion to vacate the judgment is granted (Doc. 191). Kan-Du and Falconburg's motion for remittitur is denied (Doc. 197). Plaintiff's motions for a new trial (Doc. 202) and attorney's fees (Doc. 195) are denied.

No motions for reconsideration will be considered. Fed. R. Civ. P. 1.


IT IS SO ORDERED.

Dated this  3rd   day of April 2015, at Wichita, Kansas.


                   s/ Monti Belot
              Monti L. Belot
              UNITED STATES DISTRICT JUDGE