IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEONA FELDT,

    Plaintiff,

v.                                                                                          Case No. 6:12-cv-01064-JTM

KAN-DU CONSTRUCTION CORP.;
MARTY FALCONBURG; and
HERITAGE HOMES OF NEBRASKA, INC.,

    Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to retax costs. Dkt. 261. The Clerk of the Court taxed costs of $6,056.49 against plaintiff in favor of Heritage Homes of Nebraska. Dkt. 260. The award was based upon an amended judgment of dismissal in favor of Heritage Homes. Dkt. 215. Plaintiff argues the court should decline to award any costs to Heritage Homes or, alternatively, should reduce the amount. Dkt. 261. For the reasons stated herein, the court concludes that the motion to retax costs should be denied.

**I. Standard for Costs.**

Rule 54(d)(1) provides in part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party." This rule creates a presumption that the district court will award costs to the prevailing party. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004). "Thus the established rule is that costs are generally awarded to the

prevailing party. The burden is on the non-prevailing party to overcome this presumption." *Id*.

"When a district court exercises its discretion and denies costs to a prevailing party, it must provide a valid reason for the denial." *Rodriguez*, 360 F.3d at 1190. The reasons for denying costs cited by various courts include: the party was only partially successful; the prevailing party acted obstructively or in bad faith during the litigation; the damages were only nominal; the non-prevailing party is indigent; the costs are unreasonably high or unnecessary; the prevailing party's costs are insignificant; and the issues are close and difficult. *See Rowe v. DPI Specialty Foods, Inc.*, 2016 WL 1595358, *3 (D. Utah Apr. 20, 2016) (*citing Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995)).

**II. Motion to Retax**

Plaintiff first argues that she was actually the prevailing party because the jury found in her favor against Heritage Homes, notwithstanding that Judge Belot set aside the finding in a post-trial motion and entered judgment for Heritage Homes. Dkt. 261 at 1-2. The court must reject this attempt to redefine "prevailing party." Plaintiff's multiple claims against Heritage Homes were dismissed at various stages of the proceeding, with plaintiff ultimately taking nothing on any of her claims against this defendant. As Heritage Homes points out, plaintiff sought actual damages of more than $600,000 and punitive damages of $4 million from this defendant under various theories. *See* Dkt. 129 at 18. Having obtained a judgment dismissing all of these claims, Heritage Homes was the prevailing party. *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and*

*Human Svcs.*, 532 U.S. 598, 603 (2001) ("Our '[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.'"); *Lewis v. Bd. of County Com'rs of Sedgwick County, Ks.*, 56 Fed.App'x 873, 877, 2003 WL 116129, *3 (10th Cir. 2003) (reversing failure to explain denial of costs for party that prevailed on motion for judgment as a matter of law).

Plaintiff also argues that equitable factors warrant a denial of costs. For example, she contends that a financial disparity between her and Heritage Homes supports a denial. But plaintiff makes no claim or showing that she is indigent, and the mere fact that defendant may have greater financial means than plaintiff is not sufficient to overcome the presumption for an award of costs to the prevailing party. Plaintiff also contends that the issues were close and difficult, as shown by the jury's verdict. But the record does not suggest this was a case of unusual difficulty, and the court set aside the verdict against Heritage Homes because that verdict "was against the weight of the evidence and not allowed under Kansas law." Dkt. 235 at 2. That determination was subsequently affirmed by the Tenth Circuit, which agreed that plaintiff had failed to produce evidence of any separate damages arising from Heritage Homes' actions, and that plaintiff's other claims against Heritage Homes failed as well. Dkt. 254. The court concludes that plaintiff has failed to overcome the presumption in favor of awarding costs to the prevailing party.

Plaintiff next challenges the deposition transcript costs awarded by the Clerk because "[e]very witness deposed was present at trial." Dkt. 261 at 5. The prevailing party may recover fees for deposition transcripts "necessarily obtained for use in the

case." 28 U.S.C. § 1920(2). This does not authorize costs for materials obtained only for the convenience of counsel, but it does cover costs that are reasonably necessary to the litigation of the case. *See AgJunction LLC v. Agrian Inc.*, 2016 WL 3031088, *3 (D. Kan. Amy 27, 2016). Heritage has made a sufficient showing that the challenged depositions and the deposition transcripts (several of which were cited on summary judgment) were deemed reasonably necessary at the time. *See Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000) ("We measure whether an incurred cost was reasonably necessary under § 1920 'in light of the facts known to the parties at the time the expenses were incurred.'"). Plaintiff makes no showing to the contrary, and her objection is therefore denied.

Plaintiff also disputes the witness fees and expenses allowed by the Clerk because those witnesses were not officers of Heritage Homes and they came from areas beyond the subpoena power of the court. Dkt. 261 at 6-7. Neither of these assertions warrants a denial of costs. The witness fees authorized by 28 U.S.C. § 1920 are not limited to corporate officers, and the Tenth Circuit has rejected a flat prohibition on transportation expenses for witnesses who travel from beyond the court's subpoena power. *See Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1475 (10th Cir. 1997) (a district court has discretion to approve travel costs in excess of 100 miles from the place at which trial is held). The court finds that the assessment of these witness fees and expenses is reasonable and proper.

Plaintiff's final objection is to "[t]he $1,639.65 of fees paid to the Plaintiff's Expert Witness Frank Comer…." Dkt. 261 at 8. But as defendant points out, $1,639.65 was the

amount requested by Heritage Homes. Of that amount, the Clerk allowed only $119.30, which was for mileage and a $40 attendance fee. Plaintiff has shown no error with respect to the Clerk's assessment.

**IT IS THEREFORE ORDERED** this 31st day of October, 2016, that plaintiff's Motion to Retax Costs (Dkt. 261) is DENIED. Defendant Heritage Homes of Nebraska, Inc. is entitled to recover of the plaintiff Leona Feldt the sum of $6,056.49 for its costs of action.

    ___s/ J. Thomas Marten_____
    J. THOMAS MARTEN, JUDGE